416 F.2d 407
 Manuel PEREZ, Master of the VESSEL, JOHNNY O, and Arthur
Couture, Master of the VESSEL, GLENDA CAROL,
Plaintiffs-Appellees,
v.
BARGE LBT #4 of the LeBeouf Bros. Barge Co., Etc., and
LeBeouf Bros. Barge Co., Inc., in personam,
Defendant-Appellant.
 No. 27641 Summary Calendar.
 United States Court of Appeals Fifth Circuit.
 Sept. 19, 1969.
 
 Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, James H. Daigle, New Orleans, La., for defendant-appellant.
 William P. Schuler, New Orleans, La., for plaintiffs-appellees.
 Before COLEMAN, SIMPSON, and CARSWELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.
 
 
 2
 $2, 3$ The District Judge, sitting in admiralty, awarded Manuel Perez and Arthur Couture judgments aggregating $1,450 for the salvage of Barge LBT #4. This included loss of pay, rental of a skiff, and damage to a boat used in the salvage operations. LeBeouf Brothers Barge Company appeals on the ground that the judgment 'is clearly erroneous as a matter of fact and law'. Upon consideration of the record and the briefs, we are compelled to disagree and to affirm.
 
 Specifically, the Court found that
 
 3
 'The services rendered to the barge did not constitute a dangerous task or require unusual feats of seamanship. However, libelants did spend three days on or adjacent to the barge, lighted it in such a manner as to warn off other vessels during the nights and secured it so that it would neither drift away or be driven further on land should the weather be of such a nature as to cause such action. Such services constituted a low grade salvage for which libelants should be compensated'.
 
 
 4
 These formal findings, stated in writing, are not altogether consistent with the oral remarks of the Court delivered from the Bench upon the completion of the trial. Nevertheless, they were rendered in compliance with Rule 52 of the Federal Rules of Civil Procedure and, by the same rule, are not to be disturbed here unless clearly erroneous. Since they are supported by substantial evidence appearing in the record no clear error can be made to appear.
 
 
 5
 Therefore, permitting recovery for the modest sum allowed was not legally erroneous. See Beach Salvage Corporation of Florida v. The Captain Tom, 201 F.Supp. 479 (U.S.D.C., S.D.Fla., 1961); W. E. Rippon & Son v. United States of America, 2 Cir., 1965, 348 F.2d 627; Dize v. Steel Barge Beverley, 247 F.Supp. 968 (U.S.D.C., E.D.Va., 1965); The Blackwell, 77 U.S. 1, 19 L.Ed. 870 (1870).
 
 
 6
 Affirmed.